IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Edward Watson,<br>　　Petitioner,<br><br>v.<br><br>Harold Clarke,<br>　　Respondent. | )<br>)<br>)<br>)　Case No. 1:23cv995 (LMB/LRV)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Virginia inmate Edward Watson ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to vacate his September 1, 2006 convictions in the Circuit Court of the City of Virginia Beach, Virginia, for burglary and second-degree murder. [Dkt. No. 1]. Petitioner has previously filed a § 2254 petition for a writ of habeas corpus challenging the same conviction. Watson v. Johnson, No. Case 1:09-cv-00651-AJT-TRJ, (E.D. Va. Aug. 9, 2010), appeal dismissed, 411 F. App'x 629 (4th Cir. 2011), cert. denied, 564 U.S. 1043 (2011).[1] Accordingly, the Court does not have jurisdiction to entertain a successive petition without an order from the United States Court of Appeals for the Fourth Circuit.

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Fourth Circuit authorizing the district court to review such a petition. The court of appeals will authorize such a review only if a petitioner shows that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral

---

[1] After the dismissal of his habeas petition in 2010, Watson filed two more habeas petitions in this Court. Each habeas petition was dismissed because they were successive. Watson v. Supreme Court of Virginia, No. 1:15-cv-00134-AJT-IDD (E.D. Va. Feb. 19, 2015); Watson v. Clarke, No. 1:15-cv-00709-AJT-IDD (E.D. Va. July 13, 2015).

review by the United States Supreme Court, or the claim relies on facts that could not have been previously discovered by due diligence and that show by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the district court. Instead, it "must be made by a court of appeals." In re Williams, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. Evans, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit, and this Court therefore lacks jurisdiction to consider this successive petition.

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to ask the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge.

See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard form for filing a motion under 28 U.S.C. § 2244 to petitioner Edward Watson, pro se, and to close this civil action.

Entered this 31st day of July, 2023.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge